FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

2016 MAR 29  PM 1: 23

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JORDAN WHITEHEAD,

      Plaintiff,

v.

    CASE NO.: 5:16 - cv -250 - OC-37PRL

ADVANCE STORES COMPANY INC.,
d/b/a ADVANCE AUTO PARTS, INC.,

      Defendant.

_____/

### CLASS ACTION COMPLAINT AND JURY DEMAND

    Plaintiff, Jordan Whitehead, brings this action against ADVANCE STORES COMPANY INC., d/b/a ADVANCE AUTO PARTS, INC. ("ADVANCE"), on behalf of himself and all similarly situated employees (the "Class"), and alleges as follows:

### NATURE OF THE ACTION

    1.    This class action lawsuit brought on behalf of the Plaintiff and all other persons similarly situated against ADVANCE for its failure to adequately protect the confidential personal information and/or private personal information and/or financial information (collectively referred to as "Sensitive Information") which led to the loss, theft, disclosure and/or breach of such information resulting in violation of his and the putative class's federal and state constitutional rights, rights under the laws of the United States and the State of Florida, and damages.

    2.    With the deadline for filing 2015 tax returns approaching, ADVANCE knew or should have known that there would be a need for increased security of its data systems and/or increased education to its employees to protect its employees' Sensitive

Information.

3.      Indeed, on February 18, 2016, the Internal Revenue Service ("IRS")
issued a notice warning companies of a "new surge in IRS e-mail schemes during [the]
2016 tax season." Specifically, the IRS notified companies of "an approximate 400
percent surge in phishing and malware incidents so far this tax season." Additionally, in
September 2015, the IRS issued Publication 4524, recommending steps to protect
oneself from identity thieves, including but not limited to using "[f]ile encryption for
sensitive data."

4.      Despite the warnings, on or about March 7, 2016, ADVANCE voluntarily
disclosed corporate files containing Plaintiff's and the Class members' Sensitive
Information to a third party posing as an employee, who convinced an ADVANCE
employee to provide a file containing the Sensitive Information of all Class members
who worked for ADVANCE during 2015.

5.      The Sensitive Information disclosed by ADVANCE included Class
members' IRS Form W-2 information, including name, Social Security number, 2015
gross wages, and the state(s) in which the Class members pay income taxes.

6.      The Sensitive Information disclosed by ADVANCE can be used by the
third party (or by other third parties to whom the Sensitive Information is sold or given)
to file fraudulent tax returns using the identity and Sensitive Information of the Class
members or for other fraudulent identity theft purposes.

7.     As a result of ADVANCE's failure to implement and follow appropriate security policies and procedures and/or to properly educate its employees, Plaintiff's Sensitive Information is now disclosed.  Plaintiff now faces a substantial increased risk of identity theft and tax fraud.    Indeed, numerous employees whose Sensitive Information was compromised due to ADVANCE's failure to protect their Sensitive Information will be subject to an increased risk of identity theft and tax fraud.  As a result, Class members will have to spend significant time and money in the future to protect themselves.

8.     Defendant has engaged in activities and practices which are in violation of Florida and/or federal laws, rules, or regulations, and Defendant's legal duties thereunder, including but not limited to Fla. Stat. § 501.171.  Plaintiff objects to said activities and practices.

### JURISDICTION AND VENUE

9.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because: (a) at least one member of the putative class is a citizen of a state different from Defendant; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) none of the exceptions under the subsection apply to this action.

10.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

### PARTIES

11.    Plaintiff, Jordan Whitehead ("Plaintiff"), is a resident of Belleview, Florida. As an ADVANCE employee, Plaintiff provided Sensitive Information to ADVANCE.

3

12.     Defendant ADVANCE is a Virginia corporation headquartered in Roanoke, Virginia.     ADVANCE is a retailing company that provides automotive goods and services to the public.     ADVANCE operates over 5,300 locations nationwide and employs close to 75,000 individuals.

## CLASS ALLEGATIONS

13.     **The Class**: Plaintiff brings this action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of himself and a Class of similarly situated individuals defined as: All individuals in the United States who are or were employees of ADVANCE and whose Sensitive Information was disclosed by ADVANCE between February 1, 2016 and present.

14.     **Numerosity**: The exact number of members of the Class is unknown to Plaintiff at this time, but on information and belief, there are approximately 75,000 employees throughout the country who were adversely affected by the disclosure of Sensitive Information, making joinder of each individual member impracticable.

15.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class.  Plaintiff and the Class sustained damages as a result of the Defendant's uniform wrongful conduct.

16.     **Commonality**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members.

## COUNT I: NEGLIGENCE

17.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 16 as if fully restated herein.

18.     Defendant requested and came into possession of Plaintiff's and Class

4

members' Sensitive Information, and had a duty to exercise reasonable care in safeguarding and protecting such information from being accessed and/or disclosed to third parties.

19.     Defendant failed to have proper procedures, training and policies in place to detect and prevent the improper disclosure and misuse of the Plaintiff's and members of the Class's Sensitive Information.   The breach of security, voluntary disclosure, unauthorized access, and resulting injury to Plaintiffs and the Class were reasonably foreseeable, particularly in light of the IRS warning one month prior to the disclosure and in light of Defendant's inadequate training, inadequate data security system and failure to encrypt the data.

20.     Defendant, through its actions, unlawfully breached its duty to Plaintiff and the Class by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class members' Sensitive Information.

21.     Defendant negligently failed to have procedures in place to detect and prevent access to and/or disclosure of Plaintiff's and Class members' Sensitive Information by or to unauthorized persons.

22.     But for Defendant's breach of its duties, Plaintiff's and Class members' Sensitive Information would not have been compromised.

23.     Plaintiff's and Class members' Sensitive Information was disclosed as a proximate cause of Defendant failing to exercise reasonable care in safeguarding such information by adopting, implementing, and maintaining appropriate security and training measures and encryption.

24.     As a result of Defendant's conduct, Plaintiffs and members of the Class have suffered an increased risk of identity theft and tax fraud.  Plaintiff and Class members suffered and will continue to suffer actual damages including, but not limited to: expenses and/or time spent on credit monitoring and identity theft insurance; reduced or delayed tax refunds and time spent with the IRS addressing tax fraud issues; time spent scrutinizing bank statements and credit reports; missed wages; expenses and/or time spent initiating fraud alerts.  Plaintiff and Class members have suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

## COUNT II: BREACH OF FIDUCIARY DUTY

25.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 16 as if fully restated herein.

26.     As guardians of Plaintiff's and Class members' Sensitive Information, Defendant owed a fiduciary duty to Plaintiff and the Class to protect the Sensitive Information.

27.     Defendant breached its fiduciary duty to Plaintiff and the Class by:

   a.     Failing to implement proper policies and procedures for electronic information systems that maintain sensitive and confidential employee information, including but not limited to encryption;

   b.     Failing to implement proper policies and procedures to prevent, detect, contain and correct security violations, including but not limited to e-mail verification and/or phishing and malware

prevention software;

c.    Failing to train or educate employees regarding protection of sensitive and confidential employee information, and the threats thereto;

d.    Failing to design, implement, and enforce policies and procedures establishing physical and administrative safeguards to reasonably safeguard sensitive and confidential employee information;

e.    Failing to periodically audit their systems to prevent security breaches; and

f.    Otherwise failing to safeguard Plaintiff's and the Class members' Sensitive Information.

28.    As a result of Defendant's conduct, Plaintiffs and members of the Class have suffered an increased risk of identity theft and tax fraud. Plaintiff and Class members suffered and will continue to suffer actual damages including, but not limited to: expenses and/or time spent on credit monitoring and identity theft insurance; reduced or delayed tax refunds and time spent with the IRS addressing tax fraud issues; time spent scrutinizing bank statements and credit reports; missed wages; expenses and/or time spent initiating fraud alerts. Plaintiff and Class members have suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

## COUNT III: INVASION OF PRIVACY

29.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 16 as if fully restated herein.

30.     ADVANCE's misconduct and failure to protect Plaintiff's and Class members' Sensitive Information constituted an invasion of their privacy and Sensitive Information.

31.     Said Sensitive Information is not a matter of public concern.

32.     ADVANCE's misconduct resulted in an unreasonable intrusion into the private life and matters of Plaintiff and the Class.

33.     ADVANCE's failures and misconduct constituted a public disclosure of private facts, the nature of which a reasonable person of ordinary sensibilities would find objectionable and offensive.

34.     As a direct result of ADVANCE's failures and misconduct, Plaintiff's and the Class's Sensitive Information were disclosed to the public.

35.     As a result of Defendant's conduct, Plaintiffs and members of the Class have suffered an increased risk of identity theft and tax fraud.  Plaintiff and Class members suffered and will continue to suffer actual damages including, but not limited to: expenses and/or time spent on credit monitoring and identity theft insurance; reduced or delayed tax refunds and time spent with the IRS addressing tax fraud issues; time spent scrutinizing bank statements and credit reports; missed wages; expenses and/or time spent initiating fraud alerts. Plaintiff and Class members have suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-

8

economic losses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certify this case as a class action on behalf of the Class as defined above, and appoint Jordan Whitehead as class representative and undersigned counsel as lead counsel;

B.     Find that Defendant is liable under all legal claims asserted herein for its failure to safeguard Plaintiff's and Class members' Sensitive Information;

C.     Award damages, including statutory damages where applicable and punitive damages, to Plaintiff and the Class in an amount to be determined at trial;

D.     Award restitution for any identity theft, including, but not limited to, payment of any other costs, including attorneys' fees incurred by the victim in clearing the victim's credit history or credit rating, in obtaining a tax return, or any costs incurred in connection with any civil or administrative proceeding to obtain a tax return or to satisfy any debt, lien, or other obligation of the victim arising as the result of Defendant's actions;

E.     Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F.     Award Plaintiff and the Class pre- and post-judgment interest to the maximum extent allowable under the law; and

G.     Award such other and further legal or equitable relief as equity and justice may require.

9

Plaintiff requests a trial by jury of all claims so triable.

DATED this 28th day of March, 2016.

Respectfully submitted,

**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
Jason M. Melton, Esq.
Florida Bar No.: 605034
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
Service Email:
    Pleadings@theFLlawfirm.com
    lechnerj@theFLlawfirm.com
    shelley@theFLlawfirm.com
*Attorneys for Plaintiff*