**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

JORDAN WHITEHEAD,

        Plaintiff,

v.                                     Case No. 5:16-cv-250-Orl-37PRL

ADVANCE STORES COMPANY INC.,

        Defendant.

---

**ORDER**

    This cause is before the Court on the parties' Joint Motion for Preliminary Approval of Settlement Agreement and to Amend Caption to Add Janie Stapleton as a Named Plaintiff (Doc. 40), filed December 16, 2016.[1]

    In light of the parties' proposed agreement and in accordance with prevailing law, it is hereby **ORDERED AND ADJUDGED**:

1.    The parties' Joint Motion for Preliminary Approval of Settlement Agreement and to Amend Caption to Add Janie Stapleton as a Named Plaintiff (Doc. 40) is **GRANTED**.

2.    On or before, Monday, **January 16, 2017**, Plaintiff may amend his Complaint (Doc. 1) to add Janie Stapleton as a named Plaintiff.

3.    For purposes of settlement only, the following settlement class is provisionally certified under Federal Rule of Civil Procedure 23(b)(3): All current and former Advance Stores Company, Inc. ("**ASC**") employees

---

[1] The Court adopts all defined terms as set forth in the parties' proposed Settlement Agreement. (Doc. 40-1.)

whose personal identification information was disclosed as a result of the phishing attack ASC suffered on March 7, 2016 ("**Settlement Class**").

4.     The named Plaintiff Jordan Whitehead and forthcoming named Plaintiff Janie Stapleton shall be the Class Representatives of the Settlement Class.

5.     Based on the parties' stipulations, and for settlement purposes only:

a.     The above-described Settlement Class is so numerous that joinder of all members is impracticable;

b.     There are questions of law or fact common to the Settlement Class;

c.     The claims of the Class Representatives are typical of the claims of the Settlement Class;

d.     The Class Representatives will fairly and adequately protect the interests of the Settlement Class;

e.     The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

f.     Certification of the Settlement Class is superior to other available methods of fair and efficient adjudication of the controversy.

6.     The Court **APPOINTS** the law firm of Whittel & Melton, LLC ("**Whittel**") as Settlement Class Counsel. The Court preliminarily finds that Whittel is competent and capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Settlement Class Members.

7.     The Court **PRELIMINARILY APPROVES** the Settlement Agreement.

(Doc. 40-1.) The Court finds that the Settlement was of informed, good-faith, arms'-length negotiations between the Parties, assisted by experienced counsel and supervised by an experienced mediator.[2] The Court further finds that the Settlement is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it merits notice of the Settlement to the persons in the Settlement Class for their consideration and a hearing on the final approval of the Settlement ("**Final Approval Hearing**").[3]

8. The Court **APPROVES** the form and content of the proposed notice ("**Notice**") attached to the Settlement Agreement (Doc. 40-3), and the notice procedure explained in Section VII of the Settlement Agreement (Doc. 40-1, pp. 8–10). The Court further finds that the Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

9. The Court finds that the proposed notice procedure, which includes first-class mailing of the Notice ("**Mail Notice Program**") and posting of the Notice on a settlement website, will provide the best notice practicable

---

[2] *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d. 1330, 1341 (S.D. Fla. 2011).

[3] Preliminary approval requires a district court to determine whether the proposed settlement terms are fair, reasonable, and adequate. *See Smith v. Wm. Wrigley Jr. Co*, No. 09-60646-CIV, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010). To assess the fairness of a proposed settlement, courts examine: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense, duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *See Bennet v. Behrina Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

under the circumstances and is reasonably calculated to inform the Settlement Class of the pendency of the class action, the effect of the proposed Settlement, motions for attorneys' fees, costs, and expenses, and Service Awards, and the right of Settlement Class Members to submit a claim for and object to any aspect of the Settlement.

10. The Court **APPOINTS** the Dahl Administration to serve as the Settlement Administrator.

11. ASC shall have **fifteen (15) calendar days** from the date of this Order to securely transmit to the Settlement Administrator an electronic file that identifies the names and last known mailing addresses of potential members of the Settlement Class.

12. The Settlement Administrator shall complete the Mail Notice Program no later than **sixty (60) calendar days** after the entry of this Order ("**Notice Deadline**"), excluding any Notices that must be either re-mailed or that are returned as undeliverable. The Settlement Administrator shall make one attempt to re-mail Notices returned as undeliverable with a forwarding address. For Notices returned as undeliverable without a forwarding address, the Settlement Administrator must use reasonable efforts to identify updated mailing addresses and re-mail such Notice to any identified addresses.

13. The Settlement Administrator shall have **seven (7) calendar days** after the Notice Deadline to provide Class Counsel and ASC with an affidavit confirming the completion of: (1) the Mail Notice Program; and (2) posting

the Notice on the settlement website. Once received, Class Counsel shall file such affidavit with the Court.

14.   A Final Approval Hearing will be held before the Undersigned on **Monday**, **May 15, 2017**, **at 9:30 a.m**., in Courtroom 4A of the George C. Young Courthouse, 401 West Central Boulevard, Orlando, Florida 32801 to address: (a) whether to finally certify the Settlement class under Rule 23(a) and 23(b)(3); (b) whether the proposed Settlement should be finally approved as fair, reasonable, adequate, and in the best interest of the Settlement Class; (c) whether any application for an award of attorneys' fees, costs, and expenses should be approved; and (d) whether any application of Service Awards to named Plaintiff Jordan Whitehead and forthcoming named Plaintiff Janie Stapleton should be approved.

15.   Settlement Class Members shall have **forty-five (45) calendar days** after the Notice Deadline to object to the proposed Settlement ("**Objection Deadline**").

16.   Papers in support of final approval of the Settlement Agreement and Class Counsel's forthcoming requests for attorneys' fees, expenses, costs, and Service Awards shall be filed no later than **twenty-one (21) calendar days** before the Objection Deadline.

17.   Settlement Class Members who object to the Settlement as contemplated by the Settlement Agreement shall have a right to appear and be heard at the Final Approval Hearing, provided that such Settlement Class Members file with the Court and deliver to Class Counsel and ASC's Counsel a copy

of the written objection together with any papers and briefs in support of their position, postmarked no later than **forty-five (45) calendar days** after the Notice Deadline.

18.     For an objection to be considered by the Court, the objection must set forth: (a) the name of this Action; (b) the objector's full name, address, e-mail address, and telephone number; (c) an explanation of the basis on which the objector claims to be a member of the Settlement Class; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, Class Counsel fees, or Service Awards; (f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) a statement confirming whether the objector intends to personally appear and whether he intends to testify at the Final Approval Hearing; and (i) the objector's signature, even if represented by counsel.

19.     Any Settlement Class Member who does not file an objection by the Objection Deadline or in the manner described shall be deemed to have waived such objection.

20.     Class Counsel and ASC's Counsel may respond to the objections, if any, by means of a single memorandum of law no later than **fourteen (14) calendar days** before the Final Approval Hearing. The memorandum may

not exceed ten (10) pages.

21.   All proceedings in this action are stayed until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

22.   In the event that a Judgment is not entered by the Court, the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purpose whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action, or any other Action. In such event, the Settlement Agreement, exhibits, attachments, and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

23.   The Court reserves the right to: (a) postpone, adjourn, or continue the Final Approval Hearing without further notice to the Settlement Class; and (b) approve the Settlement Agreement with modification and without further notice to the Settlement Class. The parties retain their rights under the Settlement Agreement to terminate the Settlement if the Court rejects, materially modifies, or declines to finally approve the Settlement.

24.   Any Settlement Class Member who wishes to be excluded from the Settlement Class must notify the Settlement Administrator in writing no later

than **forty-five (45) calendar days** after the Notice Deadline ("**Opt-Out Deadline**"). The written notification must be signed and must include the individual's: (a) name; (b) address; and (c) a statement that the person wishes to be excluded from the Settlement in this Action. All persons who submit a valid and timely notification of exclusion shall have no rights under the Settlement Agreement, shall not share in the forms of relief provided by the Settlement, and shall not be bound by the Settlement Agreement, any orders of the court, or any final judgment.

25.    Any person who would otherwise be a Settlement Class Member and who does not notify the Settlement Administrator of his intent to exclude himself by the Opt-Out Deadline shall be deemed to have waived his right to be excluded from the Settlement Class.

26.    The Settlement Administrator shall provide weekly reports to Class Counsel and ASC's Counsel that summarize the number of opt-out notifications and other pertinent information received that week ("**Weekly Report**"). The Settlement Administrator shall also provide a final report to Class Counsel and ASC, no later than **ten (10) calendar days** after the Opt-Out Deadline, which summarizes the number of opt-out notifications received as of that date ("**Final Report**"). Class Counsel shall move to file a composite exhibit containing a copy of each Weekly Report and the Final Report under seal no later than **ten (10) calendar days** before the Final Approval Hearing.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 9, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record