UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JORDAN WHITEHEAD; and JANIE STAPLETON,

Plaintiffs,

v. Case No. 5:16-cv-250-Oc-37PRL

ADVANCE STORES COMPANY INC.,

Defendant.

---

**ORDER**

On September 28, 2016, the parties notified the Court that they had agreed to settle this action on a nationwide class basis, pending preliminary and final approval by the Court. (Doc. 37.) The Court preliminarily approved the settlement on January 9, 2017, and held a final approval hearing on May 15, 2017 ("**Final Approval Hearing**"). (*See* Doc. 41.) Having considered the record, and in accordance with its findings from the bench at the Final Approval Hearing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Unopposed Motion for Final Order Approving the Settlement Agreement and Certifying the Class (Doc. 51) is **GRANTED**.

2. The Court has personal jurisdiction over Plaintiffs Jordan Whitehead and Janie Stapleton ("**Named Plaintiffs**"), Defendant Advance Stores Company Inc. ("**ASC**") (collectively, "**Parties**") and the Settlement Class Members.[1]

---

[1] The Court adopts all defined terms as set forth in the Parties' proposed Settlement Agreement. (Doc. 40-1.)

The Court has subject matter jurisdiction to approve the Settlement Agreement (Doc. 40-1), including all exhibits, and to enter this Order. In addition, venue is proper in this District.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b) have been satisfied for settlement purposes only in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiffs are typical of claims of the Settlement Class they seek to represent; (d) Named Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. For purposes of settlement only, and pursuant to Rule 23(b)(3), the Court **FINALLY CERTIFIES** the following Settlement Class:

> All current and former ASC employees whose personal identification information was disclosed as a result of the ASC Phishing Attack.

5. Excluded from the Settlement Class are individuals who submitted a timely request to be excluded from the Settlement Class pursuant to the procedures set forth in the Class Notice (*see* Doc. 40-3).

6. The Court finally designates Named Plaintiffs as Class Representatives.

7. The Court finally appoints the law firm of Whittel & Melton, LLC ("**Whittel**") as Class Counsel. The Court finds that Whittel has acted competently as Class Counsel and has fairly and adequately represented and protected the interests of the absent Settlement Class Members.

8. The Court finds that the Settlement Administrator implemented and completed the Notice Program, which included the mailing of the Notice to Settlement Class Members. (*See* Doc. 48.) The Court finds that the Notice Program satisfies Rule 23, due process, and any other applicable law.

9. The Parties have complied with their notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the Settlement. ASC timely sent notices of the proposed Settlement Agreement, including materials required by the Act, to the appropriate state and federal officials. (*See* Doc 43.)

10. The Court **FINALLY APPROVES** the Settlement Agreement (Doc. 40-1), including all exhibits, as fair, reasonable, and adequate under Rule 23(e).[2]

---

[2] In assessing whether the Settlement Agreement is "fair, reasonable, and adequate," the Court considered the following: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair,

The Court further finds that the terms of the Settlement Agreement have been entered into in good faith, are in the best interests of the Settlement Class Members, and are not a product of collusion.[3]

11. The Court **OVERRULES** the objections to the Settlement Agreement (Docs. 46, 49, 50).

12. The Parties and the Settlement Administrator are **DIRECTED** to implement the Settlement Agreement in accordance with its terms and provisions, including the processing of any Claims.

13. As of the Effective Date, and by operation of this Order, the Released Parties shall have been deemed to fully and irrevocably released and forever discharged the Released Parties from all Released Claims, as set forth in Section XI of the Settlement Agreement (Doc. 40-1, p. 14).

14. As of the Effective Date, the Releasing Parties shall further be deemed to

---

adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Fraught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011).

[3] *See Bennet v. Behrina Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). On this point, the Court's findings are supported by: (1) the use of experienced, well-qualified counsel with the active involvement and assistance of a neutral, well-qualified mediator; (2) the substantial benefits provided to Settlement Class Members, which are not disproportionate to the attorney fees, costs, and expenses awarded to Class Counsel; (3) the appropriateness of the benefits provided to the Settlement Class Members under the circumstances giving rise to this action; and (4) the procedure of negotiating attorney fees, costs, and expenses only after reaching an agreement in principle as to the substantive elements of the Settlement Agreement.

have waived and released any and all provisions, rights, and benefits conferred by California Civil Code § 1542, or similar laws of any other state or jurisdiction.

15. After review of Plaintiffs' motion and supporting materials, the Court finds that the requested amount of attorney fees and costs is reasonable.[4] Hence Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees and Expenses and [an] Incentive Award to Class Representatives and Memorandum of Law (Doc. 52) is **GRANTED**. Within thirty days of entry of this Order, ASC shall pay to Class Counsel: (a) $145,000 for Court-approved attorney fees and costs; and (b) a total amount of $5,000 for Service Awards to Named Plaintiffs. Class Counsel shall timely furnish to ASC any required tax information or forms before payment is made.

16. This action is **DISMISSED WITH PREJUDICE**.

17. The Releasing Parties are hereby permanently barred and enjoined (including during the pendency of any appeal taken from this Order) from commencing, pursuing, maintaining, enforcing, or prosecuting, either

[4] In assessing the reasonableness of the requested attorney fees, the Court considered Class Counsel's lodestar analysis (Doc. 52-3), which requires multiplying hours reasonably worked by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In addition, the Court considered: (1) the novelty and undesirability of the litigation; (2) the risk and financial burden on Class Counsel due to the contingent nature of the fee; (3) the significant legal acumen required; and (4) the results obtained. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1298, 1299–1300 (11th Cir. 1988) (applying factors discussed in *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974) in determining appropriate lodestar).

directly or indirectly against the Released Parties, any Released Claims, as set forth in Section XI of the Settlement Agreement (Doc. 40-1, p. 14), in any judicial, administrative, arbitral, or other forum, against any of the Released Parties.

18. Nothing in this Order shall preclude any action to enforce the terms of this Settlement Agreement.

19. The Court retains jurisdiction over this action, the Parties, Class Counsel, and Settlement Class Members for the purpose of awarding attorney fees and service fees and administering, supervising, construing, and enforcing this Order and the Settlement Agreement in accordance with its terms.

20. Neither this Order, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Order) shall be construed as or used as an admission or concession by or against ASC or the Released Parties regarding the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability.

21. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications, in implementing the Settlement Agreement, that are not inconsistent with this Order.

22. As Plaintiffs have filed a redacted version of S-Doc. 57 on the public docket

(*See* Doc. 59), the Clerk is **DIRECTED** to **REMOVE** S-Doc. 57 from the docket and return it to Counsel for Defendant Advance Stores Company, Inc.

23. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 23, 2017.




ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record